D. JAY RITT, State Bar No. 138661
TIFFANY W. TAI, State Bar No. 193271
**RITT, TAI, THVEDT & HODGES**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel:    (626) 685-2550
Fax:    (626) 685-2562
Email:  ritt@rtthlaw.com
        tai@rtthlaw.com

Attorneys for Defendant INNOVATIVE TELESERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL PEPPER on behalf of himself and others similarly situated,** | Case No. |
| **Plaintiff,** | (Los Angeles Superior Court Case No. BC534639) |
| vs. | **NOTICE OF REMOVAL** |
| **INNOVATIVE TELESERVICES, INC.** | |
| **Defendant.** | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant INNOVATIVE TELESERVICES, INC. (hereinafter "Defendant or ITI"), hereby remove to this Court the above-styled action from the Superior Court of Los Angeles County, California. Removal of the state court action to this Court is proper under 28 U.S.C. §§ 1441, 1446 and 1453. In support of its Notice of Removal, Defendant states as follows:

## I. THE COMPLAINT

1. On or about January 28, 2014, Plaintiff DANIEL PEPPER commenced a civil action on behalf of himself and a putative class by filing the state court action styled as *Daniel Pepper v. Innovative Teleservices, Inc.*, Case Number BC 534639, in the Superior Court of Los Angeles County, California.

2. Defendant received the Summons and Complaint on February 11, 2014. *See* Affidavit of Jack Juncaj attached hereto as **Exhibit A**.

3. The Summons and Complaint constitute all pleadings, process and orders served on this removing Defendant in the state court action, and are attached hereto as **Exhibit B**.

4. The Complaint asserts claims for actual and statutory damages for alleged unlawful recording or monitoring of telephone calls as set forth in sections 631, 632 and 632.7 of the California *Penal Code*. (*See Complaint*, ¶¶ 42, 51.)

5. Plaintiff seeks statutory damages of $5,000 per violation pursuant to California *Penal Code* section 637. (*Complaint*, ¶ 28.)

## II. PROCESS FOR REMOVAL

6. Defendant has timely filed this Notice of Removal within 30 days of receipt of the Complaint in accordance with 28 U.S.C. § 1446(b).

7. No other defendants have been named or served at this time.

8. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and the proposed putative class, and will file a copy with the Clerk of the Superior Court of Los Angeles County, California.

## III. GROUNDS FOR REMOVAL

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." Additionally, 28 U.S.C. § 1453 authorizes removal of a class action, as defined by 28 U.S.C. § 1332(d)(1), by any defendant.

10. This Court has original jurisdiction over this matter as set forth below and is the proper district and division for removal of this action.

11. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because it is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." This basis for jurisdiction applies to "any class action before or after entry of a class certification order by the court." 28 U.S.C. § 1332(d)(8).

### A. Citizenship of Parties Pursuant to § 1332(d)

12. Pursuant to § 1332(d)(2), only minimal diversity of citizenship among the parties is necessary. Therefore, the requisite diversity of citizenship exists if any member of the putative class, named or unnamed, is a citizen of a different state than any defendant. Pursuant to § 1332(d)(7), citizenship of class members is determined as of the date the Complaint was filed.

13. At the time the Complaint was filed, Plaintiff Daniel Pepper was, and continues to be, a resident of Los Angeles County, California. (*Complaint*, ¶ 5.)

14. At the time the Complaint was filed, Defendant ITI was, and continues to be, a Michigan corporation with its principal place of business in Port Huron, Michigan. *See* Affidavit of Jack Juncaj, attached hereto as **Exhibit A**.

15. Because at least one putative class member is a citizen of California and the Defendant is a citizen of Michigan, the required diversity of citizenship is present for purposes of § 1332(d).

### B. Amount in Controversy Pursuant to § 1332(d)

16. Pursuant to § 1332(d)(6), "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."

17. Based upon the allegations in the Complaint, the matter in controversy now exceeds, and exceeded when the action was commenced, the sum of $5,000,000, exclusive of interest and costs.

18. Plaintiff alleges "Defendants have caused their calls with California residents to be recorded and/or monitored without the knowledge or consent of the California residents. Defendants' conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other residents of California." (*Complaint*, ¶ 22.)

19. Defendant estimates that it made approximately 14 million telephone calls to persons physically located or residing in the State of California during the four year period preceding the filing of this lawsuit. *See* Jack Juncaj Affidavit, **Exhibit A.**

20. Plaintiff alleges that each class member represents a separate violation of unlawful recording or monitoring of telephone calls and is subject to statutory damages of $5,000 for each violation pursuant to California *Penal* Code section 637. (*Complaint*, ¶ 28.) Therefore, the damages Plaintiff seeks, on his behalf and on behalf of the putative class, exceeds $5,000,000.

**WHEREFORE**, Defendant respectfully requests that this Court accept this Notice of Removal and grant it such other and further relief as the Court deems fair and proper.

DATED: March 11, 2014

Respectfully submitted,

RITT, TAI, THVEDT & HODGES
A Limited Liability Partnership


/S/ D. JAY RITT
_____
D. JAY RITT
TIFFANY W. TAI
Attorneys for Defendant INNOVATIVE TELESERVICES, INC.